IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**Jonathan – Humphries: El, Pro Se**
Plaintiff,

v.                                                                                    Civil Action No. _____

**City of Orlando Municipal Corporation,** c/o Stephanie Herdocia
**Officer Gary Wilson, Badge #35570**
**Other Unknown Law Enforcement Officers**
Defendants.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FRAUD, MISCONDUCT, WRONGFUL ARREST, DEFAMATION, AND WITHHOLDING EVIDENCE

## JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. §§ 1981 and 1983, as well as state law claims for fraud, misconduct, defamation, wrongful arrest, and withholding of evidence.
2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4. Plaintiff, **Jonathan – Humphries: El**, is a non-resident of Florida and brings this action pro se.
5. Defendant **City of Orlando Municipal Corporation** is a municipality located in Orange County, Florida, and is responsible for the policies, practices, and customs of the Orlando Police Department.
6. Defendant **Officer Gary Wilson, Badge No. 35570**, was at all relevant times a law enforcement officer employed by the Orlando Police Department and is sued in his individual capacity.

Scanned with

7. Defendant **Other Unknown Law Enforcement Officers** were at all relevant times officers employed by the Orlando Police Department and are sued in their individual capacities.

## FACTS

8. On or about [insert date], Defendant Officer Gary Wilson, Badge No. 35570, and other unknown Orlando Police Officers forcibly entered Plaintiff's home without probable cause or lawful justification.
9. Defendants pointed firearms at Plaintiff and other occupants, creating fear and intimidation.
10. Plaintiff was seized, detained, and arrested without probable cause, resulting in a **wrongful arrest**.
11. Defendants knowingly made false statements regarding Plaintiff's conduct, resulting in **defamation of character**that damaged Plaintiff's reputation in the community.
12. Defendants concealed, withheld, and failed to disclose evidence favorable to Plaintiff, constituting **misconduct**and **withholding of evidence**.
13. Defendants acted fraudulently and with deliberate intent to mislead both the Court and the public in connection with Plaintiff's arrest and prosecution.
14. As a direct result, Plaintiff suffered loss of liberty, violation of constitutional rights, reputational harm, emotional distress, and financial damages.

## CLAIMS FOR RELIEF

**Count I – Violation of 42 U.S.C. § 1983 (Fourth Amendment)**
15. Plaintiff realleges paragraphs 1–14.
16. Defendants, acting under color of state law, violated Plaintiff's rights under the Fourth Amendment by unlawfully entering his home, using excessive force, and seizing him without probable cause.

**Count II – Violation of 42 U.S.C. § 1981 (Equal Rights Under the Law)**
17. Plaintiff realleges paragraphs 1–14.
18. Defendants interfered with Plaintiff's right to enjoy full and equal benefit of all laws and proceedings for the security of persons and property as enjoyed by white citizens, in violation of § 1981.

**Count III – Fraud and Misconduct**
19. Plaintiff realleges paragraphs 1–14.
20. Defendants knowingly made false representations and engaged in fraudulent conduct during the arrest and subsequent proceedings, causing harm to Plaintiff.

Scanned with

### Count IV – Wrongful Arrest / False Imprisonment

21. Plaintiff realleges paragraphs 1–14.

22. Defendants unlawfully restrained Plaintiff without probable cause, resulting in a wrongful arrest in violation of his rights.

### Count V – Defamation of Character

23. Plaintiff realleges paragraphs 1–14.

24. Defendants knowingly published and communicated false statements about Plaintiff, damaging his reputation and causing public humiliation.

### Count VI – Withholding Evidence (Brady Violation / Due Process)

25. Plaintiff realleges paragraphs 1–14.

26. Defendants intentionally withheld exculpatory evidence favorable to Plaintiff, violating his due process rights under the Fourteenth Amendment.

### Count VII – Municipal Liability (Monell Claim)

27. Plaintiff realleges paragraphs 1–14.

28. Defendant City of Orlando, through its policies, practices, and customs, failed to adequately train, supervise, or discipline its officers, thereby permitting and encouraging unlawful arrests, misconduct, and withholding of evidence.

29. The City's deliberate indifference to the constitutional rights of citizens was a moving force behind the violations suffered by Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award compensatory damages in an amount to be determined at trial;

C. Award punitive damages against the individual Defendants;

D. Grant declaratory and injunctive relief to prevent further violations;

E. Award costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

F. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Jonathan – Humphries: El, Pro Se
4718 Dutton Drive
Orlando, Florida 32808
407-502-9602
ciera0735@gmail.com